## Morgan, v. Baker.

(Decided March 12, 1912.)

### Appeal from Leslie Circuit Court.

Land—Action in Ejectment—Title—Evidence.—In an' action by appellant to eject appellee from a tract of land which he claims to own, the judgment was properly for appellee, it appearing from the evidence that he had a better title than appellant. Appellant claims title by reason of an assignment of Morgan, whose surety he was, Morgan having purchased it at commissioner's sale of some lands of Bentley, deceased, but appellee was in possession at the time of the sale and was claiming under a title distinct from that of the Bentley estate.

H. C. FAULKNER & SON, J. C. BEGLEY and W. E. FAULKNER for appellant.

J. B. MINNIARD and J. M. MUNCEY for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant instituted this action against William Baker to eject him from a tract of land which he claims to own. The land in controversy is situated on Little and Old Roan creeks, tributaries to Cutshin creek, in Leslie County. Appellant's testimony conduces to show that after W. P. Bentley died all his lands were sold by order of court; that the commissioner, under the orders of the court, sold a junior patent boundary and E. L. Morgan purchased it at $30, and appellant became his surety on the purchase money bond and afterwards paid it and took an assignment from the purchaser, E. L. Morgan, and caused the deed of the court's commissioner to be made to himself. Appellant's testimony further shows that the junior patent included the land in controversy which is claimed by appellee. Appellee's testimony tends to show that he was in possession of the land at the time of the sale, claiming it under a deed

from one Dixon, the patentee; that he was present at the sale of Bentley's land, by the commissioner; that the commissioner, after selling the junior patent boundary, immediately sold another boundary fixed in the judgment of the court, which covered the land he claimed and was then in possession of, which fact he made known at the sale, but nevertheless, the commissioner proceeded with the sale and one A. B. Eversole became purchaser at the price of $61. There had previously been some comment as to the invalidity of appellee's title to the land, so as to avoid litigation and make his title perfect, he bought A. B. Eversole's bid, paid his bond and took the commissioner's deed to himself.

Appellant claims that as both parties received title from W. P. Bentley's estate and his boundary includes that of appellee and he being the assignee of the first purchaser, he must necessarily win. Ordinarily, this would be true, but in this case the sale of the land claimed by appellee, if it was sold, was evidently a mistake. This junior patent boundary purchased by appellant's assignor is a patent boundary calling for 100 acres and it does include the land occupied by appellee, and its boundary includes about 300 acres. It is pretty certain that W. P. Bentley caused this junior patent to be issued so as to include boundaries contained in prior patents, conceiving that as he owned the land covered by the prior patents it would not make any difference, so long as it covered the 100 acres of vacant land, and we are of the opinion that the commissioner intended to and only sold to E. L. Morgan, appellant's assignor, that part of the junior patent which was not covered by senior patents. The price, $30, at which the sale was made is some evidence of this fact. There is no question about this conflict being made known at the time of the sale, but E. L. Morgan, appellant's assignor, testified that he did not hear it. Appellee was in possession of the land claimed by him at the time of the sale and was claiming under a title distinct from that of the Bentley estate, and also as he is the assignee of the purchaser at the sale of Bentley's property and has a deed from the court's commissioner, we conclude that he has a better title to the land than appellant. Appellant's counsel contend that, conceding this to be true, there were no allegations by appellee that the including of the land claimed by him in the commissioner's deed to appellant

was by fraud or mistake, and, therefore, judgment should be reversed. It is true appellee nowhere alleges in his pleadings that this occurred by mistake or fraud; that is, he did not use these words, but he does explain and set forth the facts. He alleged how it occurred. His pleadings are inartfully drawn, he used language, however, which shows that it occurred by mistake, which is sufficient.

For these reasons, the judgment of the lower court is affirmed.